## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AUBREY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-964-D |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b).  [Doc. No. 28].   On May 25, 2022, the Court entered an Order and Judgment granting Defendant's Unopposed Motion to Reverse and Remand for Further Administrative Proceedings Pursuant to Sentence Four.  [Doc. Nos. 19, 20, 21].  On April 18, 2023, the Social Security Administration found Plaintiff was disabled and awarded past-due benefits in the amount of $39,339.48.  Motion, Ex. 2.  Plaintiff now seeks attorney's fees pursuant to 41 U.S.C. §406(b).

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."  In this case, Plaintiff and his counsel entered into a contingency fee agreement in which Plaintiff agreed to pay his attorney a fee for federal court work equal to a total of 25% of his past due benefits.  Motion, Ex. 1.  Plaintiff's counsel requests an attorney fee of $9,834.87 in this case, which is 25% of the amount of past due benefits awarded.  The Court must review this request to assure it is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 ("[Section] 406(b) calls for court review of

[contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors a court considers in this process include: (i) the character of the representation and the results the representative achieved; (ii) if the attorney is responsible for a delay; and (iii) if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Regarding the first factor, the Court finds Plaintiff's attorney gained excellent results on Plaintiff's behalf. The Commissioner responded to the opening brief by asking the Court to remand the matter, and the Court reversed the Commissioner's decision to deny Plaintiff benefits. Moving to the second factor, the Court finds Plaintiff's counsel was not responsible for any delay in this matter. Finally, the Court finds the benefits were not large in comparison to the amount of time Plaintiff's counsel spent on the case. Plaintiff requests a fee of $9,834.87 in this matter for 28.15 hours of work, which equates to an hourly rate of approximately $349.37. Such an hourly rate is not excessive given that the fee was contingent and the risk of loss was not negligible. Therefore, the Court finds the requested fee of $9,834.87 to be reasonable.

For the reasons set forth above, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 28] is GRANTED. Plaintiff's attorney Miles L. Mitzner is awarded attorney's fees in the amount of $9,834.87, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. The Commissioner of the Social Security Administration shall pay said fees directly to Miles L. Mitzner of Mitzner Law Firm, PLLC. Further, pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's attorney will refund to Plaintiff the $5,400.00 in EAJA fees previously awarded. *See* [Doc. No. 23].

**IT IS SO ORDERED** this 16th day of May, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge